IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-01875-BNB

PHILIP E. STETZEL,

    Plaintiff,

v.

RICK RAEMISCH, Exec. Dir., CDOC,
RANDY LIND, Acting Warden, AVCF,
TIFFANY HOLUBEK, Legal Asst., AVCF,
MAJ. BUCHOLZ, Programs Supervisor, AVCF,
HARRISON WELTON, Investigator, CDOC,
YVETTE BROWN, Legal Asst., FCF,
RON WAGER, Associate Warden, FCF,
STEPHANIE GONZALES, Admin. Mgr., AVCF,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Philip E. Stetzel, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) who currently is incarcerated at the correctional facility in Buena

Vista, Colorado.  Mr. Stetzel, acting *pro se*, filed a Prisoner Complaint (ECF No. 1)

pursuant to 42 U.S.C. § 1983 and other statutes, for money damages and declaratory

and injunctive relief.  He has been granted leave to proceed pursuant to 28 U.S.C. §

1915.

The Court must construe the Prisoner Complaint liberally because Mr. Stetzel is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court may take

judicial notice of its own records and files that are part of the Court's public records.

*See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172

(10th Cir. 1979).  Merely making vague and conclusory allegations that his federal

constitutional rights have been violated does not entitle a *pro se* pleader to a day in

court, regardless of how liberally the court construes such pleadings.  *See Ketchum v.*

*Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true

only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*,

935 F.2d at 1110.  For the reasons stated below, Mr. Stetzel will be ordered to file an

amended Prisoner Complaint.

Mr. Stetzel asserts four claims that are vague, conclusory, disorganized,

confusing, and unnecessarily verbose concerning his disciplinary convictions,

placement in segregation, and subsequent transfers, allegedly punitive, from the

Fremont Correctional Facility (FCF) to the Arkansas Valley Correctional Facility (AVCF)

to Buena Vista Correctional Facility (BVCF) as a result of the disciplinary convictions.

He persists in incorporating the allegations of each claim into the subsequent claims, a

technique that confuses rather than clarifies each claim.

His first claim of retaliation stems from two verbal confrontations with Tiffany

Holubek, an AVCF legal assistant, who he contends verbally abused him on November

12, 2013, and December 17, 2013.  Three weeks later, he received a notice of

disciplinary charges for disobeying a lawful order, which he contends was in retaliation

for his filing a grievance against Ms. Holubek.  Following a disciplinary hearing, he was

found not guilty as charged.  He also contends he wrote a letter to the DOC's Office of

Investigator General (OIG), and afterwards had a meeting with Major Bucholz, AVCF programs supervisor, and Tiffany Holubek, who he alleges were angered by the letter they received from the OIG in response to Plaintiff's letter.  Subsequently, he was taken to the segregation unit allegedly for making "threats against staff."  ECF No. 1 at 10. While in segregation, he received a notice of charges for a disciplinary offense he fails to explain, and following a hearing was found guilty as charged "by a preponderance of evidence," ECF No. 10 at 22, and sanctioned by twenty days in punitive segregation. He contends he was wrongfully convicted because the only evidence was Tiffany Holubek's false testimony.  He further contends both disciplinary incidents subjected him to cruel and unusual punishment under the Eighth Amendment, but fails to assert facts that explain how.

As his second claim, he asserts defendants were deliberately indifferent to his efforts to resolve problems suffered from events beginning on August 29, 2013, events which he fails to explain and a date that he fails to mention previously in the complaint and fails to explain in claim two.  This vague-and-conclusory claim lacks any factual allegations against any defendant.

As his third claim, Mr. Stetzel makes the vague and conclusory allegations that all defendants have abused their discretion concerning: (1) the disciplinary convictions that occurred on May 1, 2014, the second disciplinary proceeding Plaintiff discusses in claim one, and a disciplinary conviction he received on September 13, 2013, which Plaintiff fails to discuss; (2) the excessiveness of the claims of Yvette Brown, a FCF legal assistant, and Tiffany Holubek, the former of which Plaintiff fails to explain and the latter of which Plaintiff discusses in claim one; (3) his convictions on wrongful charges

he fails to identify clearly by individuals surnamed Gomez and Lawson, who are not named defendants, and by Randy Lind and Ron Wager, AVCF acting warden and associate warden respectively, all of whom allegedly upheld the charges; (4) the lack of or fabricated evidence in disciplinary convictions he fails to discuss clearly or could have discussed in claim one involving Yvette Brown, Ron Wager, Tiffany Holubek and Stephanie Gonzales, AVCF administrative manager; (5) his current confinement at BVCF when FCF and AVCF are the correctional facilities that offer the Sex Offender Treatment and Monitoring Program, in which he is required to participate because he is a convicted sex offender.

As his fourth and final claim, Mr. Stetzel makes the vague and conclusory allegation that he intends to prove that defendants violated his rights to equal protection and to be free from cruel and unusual punishment. He also contends Yvette Brown and Tiffany Holubek, legal assistants and FCF and AVCF respectively, violated DOC administrative regulations governing staff conduct and staff and offender communication, and the remaining defendants violated grievance procedures and state statutes, allegations which do not clearly relate to his asserted claim of equal protection and cruel and unusual punishment violations.

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Stetzel fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim.  Generally, Mr. Stetzel fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Stetzel's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being

5

asserted and to be able to respond to those claims.  Mr. Stetzel must allege, simply and

concisely, his specific claims for relief, including the specific rights that allegedly have

been violated and the specific acts of each defendant that allegedly violated his rights.

The Court does not require a long, chronological recitation of facts.  Nor should the

Court or defendants be required to sift through Mr. Stetzel's vague, conclusory, and

verbose allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Mr. Stetzel fails to allege facts

that demonstrate each of the named defendants personally participated in the asserted

constitutional violations.  In order to state a claim in federal court, Mr. Stetzel "must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting

under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526

U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

of § 1983 is to deter state actors from using the badge of their authority to deprive

individuals of their federally guaranteed rights and to provide relief to victims if such

deterrence fails.").  Therefore, Mr. Stetzel should name as defendants in his amended

Prisoner Complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal

participation, Mr. Stetzel must show that each defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a defendant

may not be held liable for the unconstitutional conduct of his or her subordinates on a

theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six
> Unknown Named Agents of Fed. Bureau of Narcotics*, 403
> U.S. 388 (1971),] or § 1983 for conduct "arising from his or
> her superintendent responsibilities," the plaintiff must
> plausibly plead and eventually prove not only that the
> official's subordinates violated the Constitution, but that the
> official by virtue of his own conduct and state of mind did so
> as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556

U.S. at 677).  Therefore, in order to succeed in a civil rights suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Furthermore, the "denial of a grievance, by itself without any connection to the

violation of constitutional rights alleged by plaintiff, does not establish personal

participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009);

*see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13,

2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to

establish personal participation in the alleged constitutional violations.") (internal

quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486,

99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence

[to high-ranking prison official] outlining [a] complaint . . . without more, does not

sufficiently implicate the [supervisory official] under § 1983").

    Mr. Stetzel may use fictitious names, such as "John or Jane Doe," if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr.

Stetzel uses fictitious names he must provide sufficient information about each

defendant so that he or she can be identified for purposes of service.

    A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.

1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court

finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.

Mr. Stetzel will be given an opportunity to cure the deficiencies by submitting an

amended Prisoner Complaint that states claims clearly and concisely in compliance with

Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named

defendant personally participated in the asserted constitutional violations.  The Court

will not consider any claims raised in separate attachments, amendments, supplements,

motions, or other documents not included in the amended Prisoner Complaint.

    Mr. Stetzel is warned that, even if the Court dismisses the instant action without

prejudice for failure to comply with this order, the dismissal may act as a dismissal with

prejudice if Mr. Stetzel seeks to refile in this Court because the two-year limitations periods may have run on his § 1983 claims.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff file an amended Prisoner Complaint that complies with the directives of this order.   It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire Prisoner Complaint and the action may be dismissed without further notice.

DATED at Denver, Colorado, this 29th day of July, 2014.

BY THE COURT:


　　s/Craig B. Shaffer
United States Magistrate Judge