IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01875-BNB

PHILIP E. STETZEL,

    Plaintiff,

v.

RANDY LIND,
RON WAGER,
YVETTE BROWN,
TIFFANY HOLUBEK,
RICK LAWSON,
WILLIAM GOMEZ
STEPHANIE GONZALES, and
HARRISON WELTON,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

    Plaintiff, Philip E. Stetzel, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Buena Vista, Colorado. Mr. Stetzel, acting *pro se*, filed a twenty-two-page Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and other statutes for money damages and declaratory and injunctive relief. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On July 29, 2014, the Magistrate Judge Craig B. Shaffer ordered Mr. Stetzel to file an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and alleged the personal participation of each named defendant. The July 29 order discussed in detail each of Mr. Stetzel's four

asserted claims and their pleading deficiencies, including allegations that were vague, conclusory, disorganized, confusing, and unnecessarily verbose. *See* ECF No. 5 at 2-4. The July 29 order provided Mr. Stetzel with thirty days in which to file an amended Prisoner Complaint that cured these deficiencies. On September 2, 2014, Mr. Stetzel filed an eighty-page document consisting of a twenty-eight-page amended Prisoner Complaint (ECF No. 7) pursuant to § 1983 and other statutes, and fifty-two pages of attachments, some of which are only partially visible. *See, e.g.*, ECF No. 7 at 31-35. Mr. Stetzel asks for money damages and declaratory and injunctive relief.

The Court must construe the amended Prisoner Complaint liberally because Mr. Stetzel is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stetzel will be ordered to file a second and final amended Prisoner Complaint.

Once again, Mr. Stetzel asserts four claims concerning his disciplinary

convictions that are vague, conclusory, disorganized, confusing, and unnecessarily verbose. He again persists in incorporating the allegations of each claim into the subsequent claims, a technique he was told in the July 29 order confuses rather than clarifies each claim. His claims allege retaliation (claim one); abuse of discretion (claim two), which is not a constitutional claim; deliberate indifference (claim three); and an equal protection violation (claim four).

Mr. Stetzel's first claim of retaliation appears to stem from a verbal confrontation with Tiffany Holubek, a law librarian at the Arkansas Valley Correctional Facility, who he contends verbally abused him on November 12, 2013. In the retaliation claim, Mr. Stetzel provides seven pages of allegations, *see* ECF No. 7 at 8-14, without making clear the act or acts of retaliation he is challenging. As Mr. Stetzel was informed in the July 29 order, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claim one not a short and plain statement of Mr. Stetzel's retaliation claim. He also makes allegations against three individuals, two of whom he refers to as

defendants, who are not named as defendants in the caption to the amended Prisoner Complaint. Neither "Defendant Bucholtz" nor "Defendant Kirby," ECF No. 7 at 9, is a named defendant. Mr. Malden, a case manager, also is not a named defendant. ECF No. 7 at 9.

In claim two, Mr. Stetzel fails to make clear whether the abuse of discretion he attacks is the denial by Defendant Yvette Brown of a request he fails to describe, his transfer from the Fremont Correctional Facility to the Arkansas Valley Correctional Facility by a defendant he fails to name, his allegedly wrongful conviction by Ms. Brown under the Code of Penal Discipline, or something else. He unnecessarily reiterates in claim two allegations against Ms. Holubek asserted in claim one.

In claim three, Mr. Stetzel makes allegations of deliberate indifference against Ms. Brown and Ms. Holubek without supporting factual allegations. He also sues Rick Lawson and William Gomez, against whom he makes the vague and conclusory allegation that they convicted him on disciplinary charges without "adequate evidence." ECF No. 7 at 24. In addition, he sues Ron Wager and Stephanie Gonzales for upholding the convictions on appeal without "adequate investigation." ECF No. 7 at 24. He fails to provide an explanation of what constitutes adequate evidence or an adequate investigation.

As to the claims against Mr. Wager and Ms. Gonzales, the July 29 order specifically informed Mr. Stetzel that the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir.

Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

In claim four, Mr. Stetzel contends he lacks adequate space to present his equal protection argument adequately and presents it simply to preserve the claim, hoping to submit additional supporting allegations in the future.  As a result, claim four is vague, conclusory, and unacceptable in its present form.

The second and final amended Prisoner Complaint Mr. Stetzel will be directed to file must contain a short and plain statement of each claim he intends to assert. Specifically, the second and final amended Prisoner Complaint must comply with the pleading requirements of Fed. R. Civ. P. 8.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Mr. Stetzel must assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted

claim. Generally, Mr. Stetzel fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Stetzel must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Stetzel must allege, simply and concisely, his specific claims for relief, including the specific constitutional rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or defendants be forced to sift through Mr. Stetzel's vague, conclusory, and verbose allegations to determine the heart of each claim.

Mr. Stetzel must allege facts that demonstrate each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Mr. Stetzel "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Stetzel should name as defendants in the second and final amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights. He must list in the caption to the second and final amended Prisoner Complaint each defendant he intends to sue.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Stetzel must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Stetzel may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Stetzel uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8 or the directives of the July 29 order. Mr. Stetzel will be given one final opportunity to cure the deficiencies in his amended Prisoner Complaint by submitting a second and final amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the second and final amended Prisoner Complaint.

Mr. Stetzel again is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if Mr. Stetzel seeks to refile in this Court because the two-year limitations periods may have run on his § 1983 claims.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff file a second and final amended Prisoner Complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the second and final amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second and final amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire amended Prisoner Complaint and the action may be dismissed without further notice.

DATED September 22, 2014, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge