IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01875-GPG

PHILIP E. STETZEL,

Plaintiff,

v.

RANDY LIND,
RON WAGER,
YVETTE BROWN,
TIFFANI HOLUBEK,
RICK LAWSON,
WILLIAM GOMEZ,
STEPHANIE GONZALES, and
HARRISON WELTON,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Philip E. Stetzel, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) who currently is incarcerated at the correctional facility in Buena

Vista, Colorado.  Mr. Stetzel initiated this action by filing *pro se* a Prisoner Complaint

asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343, 42

U.S.C. § 1983, and other statutes.  He asks for money damages and declaratory and

injunctive relief.

On July 29, 2014, Magistrate Judge Craig B. Shaffer reviewed the Prisoner

Complaint and determined it was deficient because Mr. Stetzel failed to comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and failed to

allege the personal participation of each Defendant in a deprivation of his constitutional

rights.  Magistrate Judge Shaffer directed Plaintiff to file an amended complaint within

thirty days of the July 29 order (ECF No. 5).  On September 2, 2014, Mr. Stetzel filed an

amended Prisoner Complaint (ECF No. 7).

On September 22, 2014, Magistrate Judge Boyd N. Boland entered an order

(ECF No. 8) directing Mr. Stetzel to file a second and final amended Prisoner Complaint

that complied with Fed. R. Civ. P. 8 and alleged each Defendant's personal participation

in the asserted claims.  On October 23, 2014, Mr. Stetzel filed a second and final

amended Prisoner Complaint (ECF No. 9) pursuant to 42 U.S.C. § 1983, as well as

pursuant to repealed statute 28 U.S.C. § 2282, 28 U.S.C. § 2283 concerning stay of

state court proceedings, and 28 U.S.C. §§ 2201-2202 concerning declaratory

judgments.  On November 3, 2014, he supplemented the second and final amended

Prisoner Complaint with an addendum (ECF No. 10) in which he asks to add an

attachment to those previously submitted with the first amended Prisoner Complaint,

and to supplement his first asserted claim of retaliation and add Randy Malden, his

Arkansas Valley Correctional Facility case manager, as a Defendant.  The request will

be granted.

Mr. Stetzel has been granted leave to proceed pursuant to the *in forma pauperis*

statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the

action if Mr. Stetzel's claims are frivolous or malicious.  A legally frivolous claim is one in

which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989).

The Court must construe the second and final amended Prisoner Complaint

2

liberally because Mr. Stetzel is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss this action in part as legally frivolous and draw the remainder of the case to a presiding judge and, if appropriate, to a magistrate judge.

## I.  Analysis of Claims

### A.  First Claim for Relief (Retaliation)

Mr. Stetzel alleges that Defendant, Tiffani Holubek, a law librarian at the Arkansas Valley Correctional Facility, filed notices of charges against him, citing him on December 17, 2013, with disciplinary violations for Disobeying a Lawful Order and on April 18, 2014, with a disciplinary violation for Threats.  Mr. Stetzel contends Ms. Holubek fabricated the incidents in retaliation for his filing grievances against her.

He alleges that he was found not guilty of Disobeying a Lawful Order, but found guilty of Threats at a hearing conducted on May 1, 2014, by hearing officer, Defendant William Gomez, was sanctioned by twenty days in punitive segregation, and his conviction upheld on appeal by Defendant, Stephanie Gonzales.  Mr. Stetzel further alleges he wrote letters to Defendants, Harrison Welton, DOC investigator general, and Jay Kirby, interim inspector general of the DOC Office of Investigator General, about the incidents that gave rise to the disciplinary charges (*see* ECF No. 7 at 48-53, 55-58 (exs. E and F)), and received a written response from Mr. Kirby (*see* ECF No. 7 at 54 (ex. A attached to ex. E)).  Mr. Stetzel complains that because of the wrongful conviction he was transferred from the Arkansas Valley Correctional Facility to the Buena Vista

Correctional Facility.  He alleges in the supplement (ECF No. 10) to the Prisoner

Complaint that the reclassification document recommending his transfer was generated

on April 29, 2014, two days prior to his May 1, 2014, hearing by Mr. Malden.

Prison officials may not retaliate against an inmate for exercising his

constitutional rights.  *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

To state a retaliation claim Mr. Stetzel must demonstrate that:  (1) he was engaged in

constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury

that would chill a person of ordinary firmness from continuing to engage in that activity,

and (3) Defendant's adverse action was substantially motivated as a response to

Plaintiff's constitutionally protected activity.  *See Allen v. Avance*, 491 F. App'x 1, 6

(10th Cir. 2012).  Under the third prong, Mr. Stetzel must demonstrate that the "alleged

retaliatory motives were the 'but for' cause of the defendants' actions."  *Peterson*, 149

F.3d at 1144.  "Mere allegations of constitutional retaliation will not suffice; plaintiffs

must rather allege specific facts showing retaliation because of the exercise of the

prisoner's constitutional rights."  *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir.

1991).

Mr. Stetzel fails to allege facts clearly indicating the personal involvement of Mr.

Gomez, Ms. Gonzales, Mr. Welton, Mr. Kirby, and Mr. Malden in any acts of retaliation.

In both the order for an amended Prisoner Complaint (ECF No. 5) and the order for a

second and final amended Prisoner Complaint (ECF No. 8), the Court explained to Mr.

Stetzel that in order to state a claim in federal court, he "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

4

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  He has failed to do so as to his claim of retaliation with respect to Mr. Gomez, Ms. Gonzales, Mr. Welton, Mr. Kirby, and Mr. Malden.

Therefore, the claims against Mr. Gomez, Ms. Gonzales, Mr. Welton, Mr. Kirby, and Mr. Malden will be dismissed, and they will be dismissed as parties to this action. Only the retaliation claim asserted against Ms. Holubek will be drawn to a presiding judge and, if appropriate, to a magistrate judge.

### B.  Second Claim for Relief (Abuse of Discretion)

In the order for a second and final amended Prisoner Complaint, the Court informed Mr. Stetzel that a claim of abuse of discretion is not a constitutional claim. ECF No. 8 at 3.  Nonetheless, Mr. Stetzel asserts his second claim as an abuse of discretion.  He alleges that on August 29, 2013, he asked Defendant, Yvette Brown, a Fremont Correctional Facility legal assistant, for five extra sheets of typing paper in addition to his daily allotment of five sheets.  He contends that upon a request for additional paper, Ms. Brown usually asks for an explanation as to need, but in this instance she simply denied his request outright.  He further alleges that Ms. Brown called for security personnel and had them escort Mr. Stetzel back to his living unit, acts which Plaintiff contends were unnecessary.  He asserts that on September 11, 2013, as a result of the incident, he received a notice of charges for Advocating or Creating a Facility Disruption, and was convicted at a disciplinary hearing by Defendant, Rick Lawson.  The conviction was upheld on appeal by Ron Wager.  As a result of the conviction, he was transferred from the Fremont Correctional Facility.

On the basis of these allegations, Mr. Stetzel alleges that Ms. Brown's denial of

5

his request for additional sheets of paper and call for security, as well as the resulting disciplinary charges and conviction, were an abuse of discretion.  He asks for a review of the evidence Mr. Lawson used to convict him on the disciplinary charge of Advocating or Creating a Facility Disruption and Mr. Wager used on appeal.

As previously stated, abuse of discretion is not a constitutional claim.  Liberally construed, the abuse-of-discretion claim appears to assert a due process violation because Mr. Stetzel is challenging his disciplinary proceedings.  The threshold issue is whether he alleges facts that implicate a constitutionally protected liberty interest.  *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974).  A liberty interest protected by due process may arise under the Due Process Clause itself or state law.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Inmates must be afforded due process before their good-time credits can be revoked.  *Wolff*, 418 U.S. at 557; *Howard v. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007).  A disciplinary hearing satisfies due process if it affords the prisoner: 1) written notice of the violation at least 24 hours before the hearing; 2) an opportunity to call witnesses and present documentary evidence (if consistent with institutional safety and correctional goals) to an impartial decision-maker; and 3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.  *Wolff*, 418 U.S. at 563-66.  Due process is satisfied if "some evidence" in the record supports the decision.  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).  The requirements of *Wolff* are not applicable to a prisoner involved in a disciplinary proceeding who faces only a short amount of segregation with no effect on parole and no loss of good-time credits.  *Makin v. Colorado Territorial Corr. Facility*, No.

6

93-1397, 1993 WL 523200, at *1 (10th Cir. Dec. 16, 1993) (unpublished).

Mr. Stetzel does not allege that he lost good-time credits as a result of the disciplinary conviction, only that he received ten days of punitive segregation probated sixty days, with the caveat that if he received another qualified disciplinary conviction for an offense committed during the sixty-day period, the ten days of punitive segregation would be imposed consecutively to or concurrently with any penalties for the new offense.  ECF No. 7 at 63.  Because Mr. Stetzel did not lose good-time credits, he is not entitled to a *Wolff* hearing.  He is only entitled to notice and an opportunity to present a statement.  *Makin*, 1993 WL 523200, at *1 (citing *Hewitt v. Helms*, 459 U.S. 460, 473 (1983)).  Mr. Stetzel alleges he was afforded both.  *See* ECF No. 7 at 62-63.

In addition, prison discipline does not implicate a liberty interest that arises under the Due Process Clause itself because prisoners are not entitled to any particular degree of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.  Therefore, the only pertinent question is whether the disciplinary conviction implicates a protected liberty interest that arises under state law.  "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Otherwise, an inmate must show that the punishment will "inevitably affect the duration of his sentence."  *Sandin*, 515 U.S. at 487.  Relevant

7

factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate. *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

That Mr. Stetzel received ten days of punitive segregation probated sixty days did not subject him to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See*, *e.g., Jordan*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest). Claim two, apparently asserted against Ms. Brown, Mr. Lawson, and Mr. Wager, is without merit, and will be dismissed.

**C. Third Claim for Relief (Deliberate Indifference)**

In his third claim, Mr. Stetzel is suing Defendants, Mr. Wager; Randy Lind, associate warden at the Arkansas Valley Correctional Facility; Mr. Lawson; Mr. Gomez; Ms. Gonzales; Mr. Welton; Major Bucholtz, programs supervisor at the Arkansas Valley Correctional Facility; and Mr. Kirby, for the events discussed above resulting in his two disciplinary convictions for Threats and Advocating or Creating a Facility Disruption and his transfers to other prison facilities. He contends these Defendants and these events subjected him to deliberate indifference, which the Court will construe liberally as an Eighth Amendment claim of deliberate indifference. He specifically claims that Mr. Lind, acting warden at the time the above events occurred, failed to investigate them, thus allowing the "problems" to continue between Mr. Stetzel and Ms. Holubek. ECF No. 9

8

at 14.  He also claims he sent a letter to Major Bucholtz (ECF No. 7 at 47), to which

Major Bucholtz did not respond.

Mr. Stetzel's claim that his disciplinary convictions and subsequent transfers

subjected him to cruel and unusual punishment under the Eighth Amendment is without

merit.  A prisoner claiming that he was subjected to cruel and unusual punishment

based on the conditions of his confinement must demonstrate, in part, that the

infringement was sufficiently serious.  *See Farmer v. Brennan*, 511 U.S. 825, 834

(1994).  To prove an unconstitutional deprivation, "a prisoner must show that conditions

were more than uncomfortable, and indeed rose to the level of 'conditions posing a

substantial risk of serious harm' to inmate health or safety."  *DeSpain v. Uphoff*, 264

F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834).  "[E]xtreme

deprivations are required to make out a conditions-of-confinement claim."  *Hudson v.*

*McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal

civilized measure of life's necessities.'"  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)

(quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

The Eighth Amendment does not require comfortable prisons at the expense of

management prerogative, and conditions may be restrictive or even harsh.  *See  Barney*

*v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citing *Rhodes*, 452 U.S. at 347,

349); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming

that a prison is "not a nursery school" but a place for confining convicted felons).  In the

absence "of a specific deprivation of a human need, an Eighth Amendment claim based

on prison conditions must fail."  *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994)

(internal quotation marks omitted). The core areas entitled to protection pursuant to the

9

Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992); *see also Farmer*, 511 U.S. at 832. Mr. Stetzel's allegations fail to show that the conditions of his confinement posed a substantial risk of serious harm to his health or safety.

In addition, an inmate asserting an Eighth Amendment claim must allege that Defendants acted with deliberate indifference. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Mr. Stetzel fails to allege facts indicating that Defendants had any knowledge he faced a substantial risk of serious harm through his disciplinary proceedings, convictions, and transfers to other facilities. Therefore, he has no basis for an Eighth Amendment claim. Claim three, asserted against Mr. Wager, Mr. Lind, Mr. Lawson, Mr. Gomez, Ms. Gonzales, Mr. Welton, Major Bucholtz, and Mr. Kirby, will be dismissed.

### D. Fourth Claim for Relief (Equal Protection)

As his fourth claim for relief, Mr. Stetzel alleges that the events discussed above resulting in his two disciplinary convictions for Threats and Advocating or Creating a Facility Disruption and his transfers to other prison facilities resulted in a violation of his rights to equal protection under the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment forbids states from

"deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).   Because Mr. Stetzel does not allege any facts to show that he was treated differently from persons who are similarly situated to him, he fails to state an arguable equal protection violation.   *See Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."(internal quotation marks omitted)); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated.").   Accordingly, the equal protection claim will be dismissed as meritless.

**II.  Conclusion**

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Stetzel's four claims asserted against all Defendants, except his first claim of retaliation asserted against Ms. Holubek only, must be dismissed as legally frivolous. The first claim of retaliation asserted against Ms. Holubek does not appear to be appropriate for summary dismissal and, therefore, that claim and the case will be drawn to a presiding judge, and, if appropriate, to a magistrate judge.   *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that the request by Plaintiff, Philip E. Stetzel, to supplement the

11

second and final amended Prisoner Complaint (ECF No. 9) with an addendum (ECF No. 10) is granted.  It is

FURTHER ORDERED that the four claims asserted by Plaintiff against all Defendants, except his first claim of retaliation asserted against Defendant, Tiffani Holubek only, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  It is

FURTHER ORDERED that Defendants, Ron Wager, Randy Lind, Yvette Brown, Rick Lawson, William Gomez, Stephanie Gonzales, Harrison Welton, Major Bucholtz, Jay Kirby, and Randy Malden, are dismissed as parties to this action.  It is

FURTHER ORDERED that Plaintiff's first claim of retaliation asserted against Ms. Holubek only, shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 8.1(c) and 40.1(a).

DATED at Denver, Colorado, this __30th__ day of __December__, 2014.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court