IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01875-MEH

PHILIP E. STETZEL,

    Plaintiff,

v.

TIFFANI HOLUBEK,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are Plaintiff's "Motion for Summary Judgment, Pre-Trial Summary Judgment, or Proposed Alternative"[1] [filed August 24, 2015; docket #47] and Defendant's Motion for Summary Judgment [filed September 11, 2015; docket #54].  The Motions are fully briefed, and the Court finds that oral argument will not assist in the adjudication of the Motions.[2]  The Court first addresses Defendant's Motion, concluding with a discussion of Plaintiff's Motion.

---

[1]While the title of Plaintiff's Motion indicates it is a motion for summary judgment, it in fact is not.  The first paragraph of the Motion says he seeks summary judgment pursuant to Fed. R. Civ. P. Rule 56; however, the remainder of the Motion asserts only discovery issues and arguments as to why his case is valid.  The Court thus discusses his Motion at the end of this Order after a detailed analysis of Defendant's Motion for Summary Judgment.

[2]Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action.  Dockets ##51-52.

## BACKGROUND

**I.    Procedural History**

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("DOC"), currently incarcerated at Buena Vista Correctional Complex ("BVCC"). Plaintiff filed his initial *pro se* Complaint on July 7, 2014, *in forma pauperis*, against eight Defendants, alleging a deprivation of his Constitutional rights pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and other statutes. *See* docket #1. Magistrate Judge Craig B. Shaffer reviewed the Complaint, found it deficient, and directed Plaintiff to file an amended complaint [*see* docket #5], which Plaintiff did on September 2, 2014 [*see* docket #7]. Magistrate Judge Boyd N. Boland then reviewed the Amended Complaint and directed Plaintiff to file a second and final amended prisoner complaint in compliance with Fed. R. Civ. P. 8 alleging each Defendant's personal participation in his claims. *See* docket #8.

Plaintiff filed his Second Amended Prisoner's Complaint (the "Operative Complaint") on October 23, 2014 [*see* docket #9], which he then supplemented on November 3, 2014, requesting that the Court allow him to add an exhibit to those previously submitted and to add an additional party, which Judge Babcock granted in an Order issued December 30, 2014. Docket #12 at 2. In the same Order, Judge Babcock dismissed seven of the eight Defendants and all but one of Plaintiff's claims, ordering only Plaintiff's first claim of retaliation asserted against Defendant Holubek to be drawn to a presiding judge [*see* docket #12 at 11-12], at which time this Court was assigned the case, also on December 30, 2014 [docket #13].

On August 24, 2015, Plaintiff filed his Motion for Summary Judgment, Pre-Trial Summary Judgment, or Proposed Alternative [docket #47]; Defendant then filed her Motion for Summary Judgment on September 11, 2015 [docket #54]. Both Motions are fully briefed, and the Court notes

it has considered Plaintiff's Amended Affidavit, filed on October 28, 2015. *See* docket #69.

Remaining in the suit is Plaintiff's 42 U.S.C. § 1983 claim for violations of his Eighth Amendment rights based on alleged retaliation by one Defendant. *See* docket #12. "The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). The Eighth Amendment is the main source of prisoners' substantive rights and, regarding convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments are generally congruous. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (noting that where constitutional protection is afforded under specific constitutional provisions, here the Eighth Amendment, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of the Fourteenth Amendment). Thus, the Court reviews Plaintiff's claim under the Eighth Amendment as applicable to the states through the Fourteenth Amendment. *Riddle*, 83 F.3d at 1202.

## II.   Findings of Fact

The Court makes the following findings of fact viewed in the light most favorable to Plaintiff, who is the non-moving party regarding Defendant's Motion.

1. During all times relevant to the retaliation claim in this case, Plaintiff was an inmate in the custody of DOC. Operative Complaint, p. 2, ¶ 1.

2. During all times relevant to the retaliation claim in this case, Defendant was a Legal Assistant I at the Arkansas Valley Correctional Facility ("AVCF"). Docket #54, Exh. A-1, Affidavit of Tiffani Holubek ("Holubek Aff."), ¶ 2.

3. In her role as Legal Assistant I at AVCF, Defendant was responsible for providing offenders

housed at AVCF with access to the facility's law library to enable them to do legal research and gain more effective access to the courts. *Id.*

4.     On November 19, 2013, Plaintiff filed a step one informal grievance through the DOC stating that Defendant had engaged in "abusive behavior" toward him on November 12, 2013. Docket #7 at 29. The grievance was "denied in whole." *Id.* at 30.

5.     On November 27, 2013, Plaintiff again filed a step one informal grievance through DOC stating that Defendant subjected him "to unnecessary verbal abuse when [he] asked her why she continually failed to honor [his] requests to be scheduled during the afternoon sessions." *Id.* at 31. The grievance was denied in whole. *Id.* at 32.

6.     On December 10, 2013, Plaintiff filed a step two informal grievance through the DOC stating Defendant "acts unprofessionally" and "lied" about him being "demanding" in the library. *Id.* at 33. The grievance was denied in whole. *Id.* at 34.

7.     On December 17, 2013, Plaintiff had an appointment in the law library but arrived late, which led to an altercation between Plaintiff and Defendant in the law library. *Id.* at ¶ 6.

8.     Defendant wrote an incident report detailing the events of what she characterized as Plaintiff's inappropriate behavior in the law library, including disobeying an order to sit down. *Id.* at ¶¶ 12, 16.

9.     Pursuant to the Code of Penal Discipline ("COPD"), the initiating officer reviews incident reports to determine whether disciplinary charges under the COPD are appropriate. Docket #54, Exh. A-2, Administrative Record ("AR") 150-01(III)(G); 150-01(IV)(E)(3)(a).

10.    If it is determined that COPD charges are appropriate, the offender is then served with the Notice of Charge(s) ("NOC"). *Id.*

11.     On January 6, 2014, Plaintiff was served with a NOC advising him that he was being charged under the COPD with Disobeying a Lawful Order, a Class II, Rule 25 violation of the COPD. Docket #54, Exh. A-3, NOC for case no. 14-0373.

12.     The Initiating Officer and Disciplinary Officer was Lieutenant Montano. *Id*.

13.     A hearing on the disciplinary action was held on January 9, 2014. Docket #54, Exh. A-4, Disposition of Charge(s) for case no. 14-0373.

14.     William Gomez was the chairperson who considered the evidence at the hearing. *Id*.

15.     At the conclusion of the hearing, Gomez found Plaintiff not guilty of the charge of Disobeying a Lawful Order. *Id*.

16.     Plaintiff was served with a copy of the Disposition of Charge(s) on January 15, 2014. *Id*.

17.     On January 21, 2014, Plaintiff filed another step one informal grievance against Defendant, saying he has had "several problems" with Defendant and claiming she "made false statements (lies) to create [the first incident report as] an act of retaliation against me for having filed the grievances." Docket #7 at 39. The grievance as denied in whole. *Id*. at 40.

18.     On January 24, 2014, Plaintiff filed another step one informal grievance against Defendant, complaining again that she generated a "false incident report." *Id*. at 41. It was also denied in whole. *Id*. at 42.

19.     On January 28, 2014, Plaintiff filed a step three informal grievance through the DOC, requesting a meeting or hearing with Defendant and her supervisors to discuss the problems he had been having with Defendant. *Id*. at 35. In the grievance, he sought discipline/reprimand of Defendant, a remedy not available to him, according to Grievance Officer Anthony DeCesaro, who responded via letter on February 20, 2014. *Id*. at #36. Therefore, the grievance was denied. *Id*.

20.     On February 12, 2014, Plaintiff filed a step two informal grievance against Defendant maintaining his assertion that the incident report was fabricated. *Id*. at #43. The grievance was procedurally denied as his "allegations are wholly unsupported and repetitive as demonstrated by the language and assertions found in the former grievance." *Id*. at #44.

21.     On March 14, 2014, Plaintiff filed a step three informal grievance asking for a meeting with Defendant and her supervisors and asking for Defendant to be disciplined. *Id*. at 45. This grievance was denied for failure to follow the grievance procedure by asking for a remedy to which he was not entitled and for not exhausting his administrative remedies. *Id*. at 46.

22.     Plaintiff wrote five grievance letters to the Office of Inspector General for the DOC in early 2014, complaining about Defendant. *Id*. at 54.

23.     At Plaintiff's request, Defendant, along with Major Bucholz, met with Plaintiff on April 18, 2014. Holubek Aff., ¶ 17.

24.     During the meeting, Defendant perceived Plaintiff to be staring at her "aggressively," and she asked him to stop staring at her. *Id*. at ¶ 18.

25.     As a result of this incident, Defendant wrote an Incident Report detailing the events of April 18, 2014, as it related to her interaction with Plaintiff as a way to document his behavior. *Id*. at ¶ 20.

26.     On April 23, 2014, Plaintiff was served with the NOC advising him that he was being charged under the COPD with Threats, a Class II, Rule 13 violation of the COPD. Docket #54, Exh. A-5, NOC for case no. 14-0630.

27.     The Initiating Officer and Disciplinary Officer for case no. 14-0630 was Lieutenant Montano. *Id*.

28.     After a continuance, a hearing on the disciplinary action was held on May 1, 2014. Docket #54, Exh. A-6, Disposition of Charge(s) for case no. 14-0373.

29.     William Gomez was the chairperson who considered the evidence at the hearing. *Id*.

30.     At the conclusion of the hearing, Gomez found Plaintiff guilty of the charge of Threats. *Id*.

31.     Plaintiff was sanctioned with 20 days of punitive segregation. *Id*.

32.     Plaintiff was served with a copy of the Disposition of Charge(s) on May 7, 2014. *Id*.

33.     Plaintiff appealed this decision on May 15, 2014. Docket #54, Exh. A-7, Offender Appeal Form.

34.     On June 20, 2014, the Administrative Head upheld the decision. *Id*.

35.     After his 20 days of punitive segregation, Plaintiff was transferred to a new prison facility. Docket #7 at 80.

36.     Defendant's job duties did not include being involved in the process of bringing disciplinary charges of alleged violations of the COPD against offenders. Holubek Aff., ¶ 21.

37.     Defendant was not involved in presenting the case against Plaintiff at either of the COPD hearings, nor was she involved in the decision to either find Plaintiff guilty or not guilty of the alleged disciplinary infractions. *Id*.

## LEGAL STANDARDS

### I.     Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

**II.     Dismissal under Fed. R. Civ. P. 56**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be

determined. *Celotex*, 477 U.S. at 322. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

Plaintiff does not specify in the caption or anywhere in the Operative Complaint whether he sues Defendant in her official capacity, individual capacity, or both. *See generally* docket #9. However, Plaintiff indicates for the first time in his Response to Defendant's Motion for Summary Judgment that Defendant "is being sued in both her individual and official capacities." Docket #62 at 1-2. Plaintiff seeks declaratory relief that Defendant violated DOC policies, injunctive relief to expunge his COPD record, and compensatory and punitive damages. Docket #9 at 21. Accordingly,

the Court will first examine whether Defendant may be sued in her official capacity.

**I.      Sovereign Immunity**

The Court first addresses sovereign immunity, which Defendant fails to address, likely because Plaintiff did not make his intentions to sue Defendant in an official capacity clear until his Response to Defendant's Motion for Summary Judgment. However, construing Plaintiff's Operative Complaint liberally, the Court will consider the official capacity claims *sua sponte* as they involve subject matter jurisdiction. A court may raise the issue of subject matter jurisdiction *sua sponte* at any time during the course of the proceedings. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

Claims against state officials in their official capacities are essentially claims against the state entity. *Ky. v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted). It is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994). Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 785-86 (1991). Thus, an official-capacity lawsuit is appropriate only where the claims could be sustained against the entity in its own name. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of their federal rights. *See Ex parte*

*Young*, 209 U.S. 123, 159–60 (1908). But *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted).

Here, Plaintiff specifically seeks monetary damages from Defendant; to the extent he seeks such damages against Defendant in her official capacity, his claims are barred. The Court has subject matter jurisdiction to hear Plaintiff's claim for injunctive and declaratory relief against Defendant in her official capacity. But, to be entitled to seek this relief at trial, the Plaintiff must demonstrate there are genuine issues of material fact concerning his Eighth Amendment claim.

## II. Qualified Immunity

Defendant asserts that she is entitled to qualified immunity for the Eighth Amendment claim against her in her individual capacity. *See generally* docket #54. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.* When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)).

The Supreme Court has discarded a review process that required courts to examine the

elements of qualified immunity sequentially, first considering whether a right had been violated, and then second - if the court concluded a right had been violated - whether that right was clearly established at the time of the alleged violation. *Pearson*, 555 U.S. at 232-44. *Pearson* retired this process, instead affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

In this case, Plaintiff does not dispute that Defendant has met her initial responsibility of providing to the Court admissible factual evidence in support of her Motion. Thus, the Court will begin by analyzing Plaintiff's claim against Defendant to determine whether Plaintiff has established genuine issues of material fact as to a violation of his Eighth Amendment right; if so, the Court will proceed to determine whether Plaintiff's right was clearly established at the time of the violation.

### III. Eighth Amendment Claim

Plaintiff's claim, while couched only under the Eighth Amendment, essentially raises a First Amendment retaliation claim by alleging that Defendant filed the incident reports to retaliate against him for complaining about her to superiors, resulting in his being further disciplined. Docket #9 at 6-7. Defendant argues Plaintiff fails to allege Defendant's personal participation, and, as alternative grounds for dismissal, that Plaintiff fails to sufficiently allege a First Amendment retaliation claim for relief.

#### A. Personal Participation

An individual cannot be liable under Section 1983 unless he or she personally participated in the alleged violation. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A defendant cannot be liable under § 1983 unless personally involved in the deprivation." *Olsen v. Stotts*, 9 F.3d 1475, 1477

(10th Cir. 1993).   The complaint must allege an affirmative link between the alleged constitutional violation and the specific individual's participation in that violation.  *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).  In Section 1983 suits, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct at 1948.  "Conclusory allegations by a non-movant will not suffice" to establish this existence of a triable issue of fact under Fed. R. Civ. P. 56." *United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (internal citation omitted).

Specifically in regard to the filing of COPD charges for prisoners, personal participation is specific.  Even if a defendant arranges for the COPD charges to be filed based upon his or her incident reports, such involvement in encouraging a COPD to be filed is not enough to establish personal participation.  *See Balauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 280839, at *11 (D. Colo. Jan. 31, 2008) ("[plaintiff] further alleges that [a defendant] retaliated against him by arranging for a COPD charge to be filed against him regarding an altercation. [] [Plaintiff] has not demonstrated that [the defendant] participated in this charge. [] The evidence shows that [a second defendant] filed the COPD charge against [Plaintiff] and that [the first defendant] did not review the charge." (extraneous facts and citations to the record omitted)).

Here, the facts show that Defendant filed incident reports against Plaintiff regarding his behavior with her in the library December 17, 2013, and again for what she perceived to be threatening behavior toward her at a meeting on April 18, 2014.  Plaintiff was found not guilty of the first offense (and therefore not punished), but guilty of the second and sanctioned with 20 days in punitive segregation, which was upheld on appeal.  Plaintiff asserts that Defendant fabricated the incidents in retaliation for his filing grievances against her between the two incident reports. Docket #9 at 6-7.   Defendant counters that though she "wrote two incident reports documenting her

13

interactions with Plaintiff on those two occasions, she was not involved in the decision to charge Plaintiff with any COPD disciplinary charge, was not involved in presenting the case at the disciplinary hearing, and was not the individual to decide whether Plaintiff was guilty or not guilty of the disciplinary charges." Docket #54 at 11. Even assuming she did exaggerate the incident reports – which Plaintiff has produced no evidence to show – the facts fail to demonstrate Defendant's involvement in what would become the COPD charges. In fact, the record shows that Lieutenant Montano was the officer to charge Plaintiff with both disciplinary actions, while William Gomez was the chairperson who evaluated the evidence and decided as to the outcome of each of the two disciplinary actions.

Consequently, the Plaintiff has failed to show genuine issues of material fact concerning whether there is an affirmative link between the alleged constitutional violation and Defendant's participation, control or direction in such alleged violation; thus, Defendant is entitled to qualified immunity.

      B.      Sufficiency of the Pleadings for First Amendment Retaliation Claim

Defendant argues in the alternative that Plaintiff fails to state a claim for retaliation. Docket #54 at 11. Plaintiff does not specifically respond to the legal arguments, instead stating in a conclusory manner that the "evidence clearly shows" retaliation occurred. Docket #62 at 3.

Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible.[3] *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted). To establish a First Amendment retaliation claim, Plaintiff must demonstrate:

---

[3]Pursuant to Fed. R. Civ. P. 12(h)(2), the Court notes that failure to state a claim upon which relief can be granted may be properly asserted in a motion for summary judgment.

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). Defendant contends that Plaintiff has failed to sufficiently plead the second or third elements in this three-part test because the allegations do not show that Defendant's actions caused Plaintiff to suffer injury of any sort, and do not show that "but for" the retaliatory motive of Defendant, Plaintiff would not have been injured. *See Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990).

The Tenth Circuit has held that the third element of the three-part test for a retaliation claim is satisfied where "Defendants were aware of [Plaintiff's] protected activity, that his protected activity complained of Defendants' actions, and that the [adverse action] was in close temporal proximity to the protected activity." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). "[T]he court may insist that the plaintiff put forth specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a motion . . . for summary judgment." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Here, Plaintiff has alleged that Defendant was aware of Plaintiff's grievance about her, and that Defendant retaliated by filing the first incident report, which Defendants appear to concede involves constitutionally protected activity. However, Plaintiff was found not guilty and therefore not punished in any way as a result of that incident report, leading the Court to the conclusion that Plaintiff cannot rely on this incident report in his claim for retaliation as it fails to meet the second factor of the test. Additionally, Plaintiff fails to show that but for Defendant's retaliatory motive, Defendant would not have written the first incident report. Plaintiff came late to the meeting at the

15

law library on December 17, 2013, leading to an altercation between Plaintiff and Defendant. Defendant asserts that he failed to obey an order, which led her to write the report; meanwhile, Plaintiff fails to show any nonconclusory evidence that the report was not merely to document what Defendant believed to be Plaintiff's inappropriate behavior. Thus, Plaintiff's claim fails to meet the third factor of the test.

Regarding Defendant's second incident report based on her perceptions of Plaintiff's aggressiveness to her at their meeting on April 18, 2014, it, too, meets the first factor. However, it fails to meet the second factor in that Defendant's incident report was not what led to the discipline against him – it was the decision to file a COPD charge and the execution of that charge that led to the discipline, per *Baldauf*. Furthermore, Plaintiff has failed to show that Defendant had anything to do with the decisions to charge him and punish him, as discussed above, making this incident report also fail to meet the second prong of the test for retaliation. Finally, the second incident report also fails to meet the third prong of the test for the same reasons the first incident report failed to do so: Plaintiff does not show that Defendant had a deciding role in filing a charge against him; she did not participate in writing the charge or hearing it; and it was appealed and affirmed without her involvement.

Therefore, Defendant is entitled to summary judgment as to Plaintiff's retaliation claim on the alternative basis that Plaintiff fails to state a claim for relief.

**IV.    Plaintiff's Motion**

Also pending before the Court is Plaintiff's "Motion for Summary Judgment, Pre-Trial Summary Judgment, or Proposed Alternative." *See* docket #47. The Court notes that Plaintiff does not in this Motion (despite its title) attempt to show no genuine dispute of material fact or assert that he is entitled to judgment as a matter of law. Rather, Plaintiff discusses objections to untimely

discovery requests improperly directed at non-parties – specifically, requests to former Defendants since dismissed from the case. The remainder of Plaintiff's Motion discusses alleged due process violations generally at the prison, all non-specific to the Defendant still remaining in the case. *See generally* docket #47. Therefore, the Court denies Plaintiff's Motion.

## **CONCLUSION**

Regarding Plaintiff's claim against Defendant in her official capacity for damages, the Court finds that Defendant is entitled to sovereign immunity; meanwhile, declaratory and injunctive relief are not warranted because of Plaintiff's failure to state a claim for retaliation. Because the Plaintiff has failed to demonstrate genuine issues of material fact concerning whether Defendant personally participated in the alleged constitutional violation and because Plaintiff has failed to state a retaliation claim, the Court finds that Defendant is entitled to qualified immunity as to the Eighth Amendment claim against her in her individual capacity.

Therefore, based on the foregoing and the entire record herein, this Court **orders** that Defendant's Motion for Summary Judgment [filed September 11, 2015; docket #54] is **granted**, Plaintiff's Motion for Summary Judgment [filed August 24, 2015; docket #47] is **denied**, and the case is **dismissed with prejudice**.

Entered and dated at Denver, Colorado, this 11th day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge